HURLEY, Judge.
This appeal challenges a provision in the final judgment which permits the appel-lee/school board to deduct unemployment compensation benefits from an arbitration award. We reverse and remand.
On November 6, 1978, an arbitrator issued a written decision in which the appel-lee/school board was required “to pay to grievants [two teacher aides] at their regular rate of pay, and to restore their regular benefits, for the work they would have performed during the period from April 28, 1978 to the end of the 1977-78 school term.” None of the parties to the arbitration filed a motion to vacate, modify or correct the award within ninety days as required by Sections 682.13-14, Florida Statutes (1979). Nonetheless, when appellant sought to confirm the award, appellee claimed a right, as a matter of law, to offset the amount of unemployment compensation benefits received by the teacher aides. The trial court agreed and this appeal ensued.
We cannot accept the school board’s contention that it was empowered to adjust the arbitrator’s award without the *1253 benefit of a motion for modification. Such unilateral action tears at the very heart of the arbitration process. Clearly, it was within the arbitrator’s province to resolve the controversy and fashion an appropriate remedy. Thus, the resulting decision was binding on both parties unless properly modified. Irrespective of whether the error was characterized as a miscalculation or if it was founded on the notion that the arbitrator exceeded his powers by awarding a greater sum than the law allowed, appel-lee/school board was obliged to seek judicial relief. Absent a timely motion to vacate, modify or correct the award, the trial court had no discretion but to confirm the award as rendered. In Travelers Insurance Co. v. Allen, 356 So.2d 1287 (Fla.3d DCA), cert. denied, 364 So.2d 893 (Fla.1978), our sister court said:
The law is well-settled that a court must confirm an arbitration award upon application of any party to the award unless within ninety (90) days after receipt of the arbitration award a party thereto has filed a motion with the court to vacate, modify or correct the award. This ninety (90) day limit is subject to one exception: if a motion to vacate the award is based on corruption, fraud, or other undue means, the motion must be filed within ninety (90) days after such grounds are known or should have been known to the injured party. If an appropriate motion to vacate, modify or correct the award is not filed within the applicable time periods, the court has no alternative but to confirm the arbitration award. Id. at 1288.
Accordingly, the judgment on appeal is reversed and the cause is remanded with instructions to confirm the award as rendered.
BERANEK and GLICKSTEIN, JJ., concur.