2005 ND 108

**Dennis S. MARTIN, Deborah J. Martin, and Sheila R. Wells, Plaintiffs and Appellants**

v.

**Tracy (Martin) BERG, Rick Berg, and Margaret Martin, individually, and as personal representative of the Estate of Stephen Martin, Defendants and Appellees.**

No. 20050001.

Supreme Court of North Dakota.

June 6, 2005.

Daniel J. Dunn (argued), Maring Williams Law Office, and Thomas Paul Martin (appeared), Fargo, N.D., for plaintiffs and appellants.

Malcolm H. Brown, P.C., Bismarck, N.D., for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Dennis S. Martin, Deborah J. Martin, and Sheila R. Wells ("Plaintiffs") appealed from an order on motions for summary judgment and a judgment dismissing their complaint against Tracy (Martin) Berg, Rick Berg, and Margaret Martin, individually, and as personal representative of the Estate of Stephen Martin ("Defendants"). We affirm.

I

[¶ 2] Plaintiffs are children of Stephen Martin and his first wife, Erna Martin, who died in 1958. Stephen Martin married Margaret in 1961. They had one child, Tracy, who was born in 1961.

[¶ 3] On October 23, 1973, Stephen Martin executed a will providing in Article IV:

· I give, devise and bequeath all my property . . . as follows:

(a) To my wife, Margaret N., if she survives me for thirty days, or

(b) If my said wife does not survive me for thirty days, to my children, namely, Dennis S. Martin, Sheila Rae Martin, Steven H. Martin, Deborah Jean Martin and Tracy Jane Martin, who survive me, in equal shares, share and share alike.

On that same day, Margaret Martin executed a will providing in Article IV:

I give, devise and bequeath all my property . . . as follows: ·

(a) To my husband, Steve, if he survives me for thirty days, or

(b) If my said husband does not survive me for thirty days, to my aforenamed child, Tracy Jane Martin; and my aforenamed stepchildren, namely, Dennis S. Martin, Sheila Rae Martin, Steven H. Martin and Deborah Jean Martin, who survive me, in equal shares, share and share alike.

[¶ 4] On January 31, 1985, Stephen Martin executed a will that revoked his previous will and provided, in part:

A. *Surviving Spouse.* I give and devise all of the rest, residue and remainder of my property . . . to my spouse, Margaret N. Martin, if she shall survive me.

B. *Children.* In the event that my spouse does not survive me, I give and

devise all of my property ... to my children, Dennis S. Martin, Sheila Rae Davis, Steven H. Martin, Deborah Jean Martin and Tracy Jane Martin, in five equal shares.

On that same day, Margaret Martin executed a will that revoked her previous will and provided, in part:

A. *Surviving Spouse.* I give and devise all of the rest, residue and remainder of my property ... to my spouse, Steve Martin, a/k/a Stephen Martin, if he shall survive me.

B. *Children.* In the event that my spouse does not survive me, I give and devise all of my property ... to my child, Tracy Jane Martin, and my step-children, Dennis S. Martin, Sheila Rae Davis, Steven H. Martin, and Deborah Jean Martin, in five equal shares.

[¶ 5] After Stephen Martin died in 1988, Margaret Martin began conveying real estate she and Stephen Martin had owned to Tracy Berg and Rick Berg. Plaintiffs sued, alleging, among other things, that Stephen and Margaret Martin had entered into an agreement for the disposition of their property upon their deaths, which was reflected in Article IV of their October 23, 1973, reciprocal wills, which "were executed pursuant to an agreement between the testators that the plaintiffs would be treated equally upon the surviving spouse's death." They alleged that in making *inter vivos* transfers to Tracy Martin Berg and Rick Berg, Margaret Martin "circumvented the agreement regarding the equal disposition of property upon the surviving spouse's death and the irrevocation of the reciprocal Wills." The Plaintiffs sought specific performance of the agreement between Stephen and Margaret Martin, imposition of a constructive trust upon the assets owned by Stephen Martin at his death, an order enjoining further transfers of property owned by Stephen Martin at his death, an accounting, an appraisal of property transferred, appointment of a new personal representative for the Estate of Stephen Martin, damages, attorney fees, costs, and disbursements.

[¶ 6] In an order on motions for summary judgment, the court concluded that when Margaret Martin survived Stephen Martin, "his entire estate became hers," and ruled:

The Court finds Margaret became the sole owner of all of the assets of Steph[e]n's estate, that their wills do not constitute a binding contract limiting Margaret's ability to convey assets to anyone, that no constructive trust was created, and that Margaret has acted within her rights and power in conveying assets to anyone she chooses, including Tracy.

The district court granted the Defendants' motion for summary judgment and denied the Plaintiffs' motion for summary judgment. A judgment dismissing the Plaintiffs' complaint was entered on December 20, 2004.

[¶ 7] On appeal, the Plaintiffs contend the district court erred in failing to follow North Dakota law, in denying their motion for summary judgment, in refusing to impose a constructive trust upon the property Stephen Martin owned at his death, in dismissing their amended complaint, and in failing to address their claims against Margaret Martin for breach of fiduciary duty, misrepresentation, and deceit.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 30.1–02–02 and 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 30.1–02–06.1 and 28–27–01.

## II

[¶ 9] This case was decided on cross-motions for summary judgment.

The standard of review for summary judgments is well established. In *Zuger v. State*, 2004 ND 16, ¶ 7, 673 N.W.2d 615 (citations omitted), we explained:

> Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. "Whether summary judgment was properly granted is 'a question of law which we review de novo on the entire record.'" On appeal, this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law. Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.

Mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim. *Id.* at ¶ 8. *State Fire & Tornado Fund v. North Dakota State Univ.*, 2005 ND 75, ¶ 8, 694 N.W.2d 225.

### A

[¶ 10] Plaintiffs contend the district court erred in failing to follow North Dakota law, specifically *Quandee v. Skene*, 321 N.W.2d 91 (N.D.1982); *Kuhn v. Kuhn*, 281 N.W.2d 230 (N.D.1979); and *O'Connor v. Immele*, 77 N.D. 346, 43 N.W.2d 649 (1950), dealing with irrevocable agreements to devise property in an agreed-upon manner, and N.D.C.C. §§ 9–03–25, 9–06–01, 9–06–02, and 9–09–05, dealing with the formation or alteration of contracts.

### B

[¶ 11] When Stephen and Margaret Martin executed new wills specifically revoking their 1973 wills in 1985, contracts relating to agreements about the disposition of property upon death were governed by N.D.C.C. § 30.1–09–13, which provides:

> A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after July 1, 1975, can be established only by:
>
> 1. Provisions of a will stating material provisions of the contract;
>
> 2. An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or
>
> 3. A writing signed by the decedent evidencing the contract.
>
> The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.

That statute tightened the methods for proving contracts concerning succession. *Jordan v. Anderson*, 421 N.W.2d 816, 820 (N.D.1988). Stephen and Margaret Martin's 1985 wills do not state material provisions of a contract to treat all of the Martin children equally upon the surviving spouse's death or an express reference to such a contract, and Plaintiffs have not presented "[a] writing signed by the decedent evidencing" such a contract.

### C

[¶ 12] "The purpose of construing a will is to ascertain the testator's intent." *Jordan*, 421 N.W.2d at 818. "Where the language of a will is clear and unambiguous, the testator's intent must be determined from the language of the will."

*Id.* "Whether or not an ambiguity exists in a will is a question of law." *Id.* at 819. "This court will determine for itself the correct construction of an unambiguous will." *Id.*

[¶ 13] Stephen Martin's 1985 will clearly and unambiguously provided that Margaret Martin was to receive "all of the rest, residue and remainder" of his property if she survived him. She survived him. The only reasonable conclusion we can draw from our review of the 1973 wills executed by Stephen and Margaret Martin, together with the other evidence relied upon by the Plaintiffs, is that they do not reflect an agreement by Stephen and Margaret Martin to treat all of the Martin children equally upon the surviving spouse's death. Therefore, as the trial court concluded, "Margaret became the sole owner of all of the assets of Steph[e]n's estate," other than a relatively small amount of money left to a step-daughter of his.

### III

[¶ 14] We conclude that the trial court did not err in denying the Plaintiffs' motion for summary judgment and in granting the Defendants' motion for summary judgment. We further conclude a judgment dismissing the Plaintiffs' complaint was properly entered.

[¶ 15] Because we have concluded that there was no error in denying the Plaintiffs' motion for summary judgment or in granting the Defendants' motion for summary judgment, and a judgment dismissing the Plaintiffs' complaint was properly entered, resolution of the Plaintiffs' other issues is unnecessary. "We need not address questions, the answers to which are unnecessary for the determination of an appeal." *Huff v. North Dakota State Bd. of Med. Exam'rs,* 2004 ND 225, ¶ 15, 690 N.W.2d 221.

### IV

[¶ 16] The judgment of the district court is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM F. HODNY, S.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 18] The Honorable WILLIAM F. HODNY, Surrogate Judge, sitting in place of MARING, J., disqualified.