2005 ND 150

**Eugene MILLER and JoAnn M. Miller, Plaintiffs and Appellants**

v.

**DIAMOND RESOURCES, INC., Defendant and Appellee.**

**No. 20040274.**

Supreme Court of North Dakota.

Aug. 18, 2005.

---

Suzanne M. Schweigert, Smith Bakke Oppegard Porsborg Wolf, Bismarck, N.D., for plaintiffs and appellants.

Dann E. Greenwood, Greenwood & Ramsey, PLLP, Dickinson, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Eugene and JoAnn Miller appeal from a summary judgment dismissing their lawsuit against Diamond Resources, Inc. ("Diamond"). We reverse and remand, concluding there are genuine issues of material fact that preclude summary judgment.

I

[¶ 2] The Millers own the surface estate of certain land in Bowman County, North Dakota. The Millers also own fifty percent of the minerals underlying the land. In January 1995, Diamond leased the mineral interests owned by the Millers. A title search revealed that Frank and Mary Kloeckner possibly owned the remaining fifty percent interest in the minerals. Diamond agreed to assist the Millers in acquiring the remaining fifty percent mineral interest in the property under the abandoned minerals statute, N.D.C.C. ch. 38–18.1. Diamond prepared a document entitled "Notice of Intent by Surface Owner to Succeed to Ownership of Abandoned Mineral Interests" and had the Millers sign it. In May 1995, Diamond published the Notice of Intent in the official county newspaper in compliance with N.D.C.C. § 38–18.1–06. Although N.D.C.C. § 38–18.1–06(2) required that the Notice of Intent be mailed to any mineral interest owner shown of record within ten days after the last publication, Diamond failed to mail notice to the Kloeckners within that time period. Instead, Diamond mailed the Affidavit of Publication and Notice of Intent to the Kloeckners on July 7, 1995, thirty-nine days late.

[¶ 3] In November 1995, Diamond sent to the Millers a letter enclosing the original Affidavit of Service by Mail, Affidavit of Publication, and Notice of Intent by Surface Owner to Succeed to Ownership of Abandoned Mineral Interests. Diamond did not advise the Millers that there was any problem, and the Millers believed they had succeeded to ownership of the remaining fifty percent mineral interest under N.D.C.C. ch. 38–18.1.

[¶ 4] On June 11, 1996, Diamond sent a letter to the Millers disclosing there may be a problem with their claim of ownership to the remaining fifty percent mineral interest and advising them to commence a quiet title action. The letter carried the subject line "RE: Possible Quiet Title Action covering lands in Bowman County, ND," and the body of the letter stated:

> Per your recent discussion with Mr. Wilson Windham of our office, you are aware that our attorney's opinion indicates you may have a claim to the entire mineral interest under the above captioned lands. Enclosed you will find a copy of requirement No. 15 from our attorney's opinion on the captioned.
>
> You may wish to consult your own attorney as to his thoughts on this situation. At this point, we have taken protective leases from all parties so we are covered no matter who ends up owning the minerals hereunder.

If you are so inclined, you may wish to institute an action to quiet title to the minerals on this property and thus find out for certain who owns what. If we can assist you with any information that we possess, we will be glad to help.

Requirement 15 from Diamond's attorney's title opinion, referenced in and enclosed with the letter, stated in part:

As to the entire mineral estate underlying the SW1/4 of Section 17, a quiet title action should be commenced by Eugene E. Miller and Joann M. Miller to determine and resolve the competing claims for these mineral interests.

[¶ 5] As urged by Diamond, the Millers hired separate counsel and brought an action to quiet title to the minerals. Heirs of the Kloeckners intervened and claimed an undivided fifty percent ownership interest in the minerals. The district court in the quiet title action determined that Diamond's failure to strictly comply with N.D.C.C. § 38–18.1–06(2) by failing to mail notice to the Kloeckners within ten days of the last publication was fatal to the Millers' claim. The court therefore concluded the Kloeckner heirs retained ownership of the disputed fifty percent mineral interest.

[¶ 6] The Millers then brought this negligence action against Diamond, alleging Diamond's failure to comply with N.D.C.C. ch. 38–18.1 resulted in the Millers' losing a fifty percent interest in the minerals. The district court granted Diamond's motion for summary judgment dismissing the action, concluding any negligence by Diamond was not the proximate cause of any damages suffered by the Millers, because the Millers could have made a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1 rather than bringing an action to quiet title. Judgment dismissing the action was entered, and the Millers appealed.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 28–27–01.

II

[¶ 8] Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Johnson v. Nodak Mut. Ins. Co.*, 2005 ND 112, ¶ 9, 699 N.W.2d 45; *Martin v. Berg*, 2005 ND 108, ¶ 9, 697 N.W.2d 723. Whether the trial court properly granted summary judgment is a question of law that we review de novo on the entire record. *Johnson*, at ¶ 9; *Martin*, at ¶ 9. On appeal, this Court decides whether the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. *Martin*, at ¶ 9; *State v. North Dakota State Univ.*, 2005 ND 75, ¶ 8, 694 N.W.2d 225. In determining whether summary judgment was appropriately granted, we view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences that can reasonably be drawn from the evidence. *Anderson v. Selby*, 2005 ND 126, ¶ 7, 700 N.W.2d 696; *Johnson*, at ¶ 9. Negligence and proximate cause are fact questions unless the evidence is such that reasonable minds can draw but one conclusion, and negligence actions are generally not appropriate for summary judgment. *Makeeff v. City of Bismarck*, 2005 ND 60, ¶ 12, 693 N.W.2d 639; *Long v. Jaszczak*, 2004 ND 194, ¶ 25, 688 N.W.2d 173; *Azure v. Bel-*

*court Pub. Sch. Dist.*, 2004 ND 128, ¶ 9, 681 N.W.2d 816.

## III

■ [¶ 9] The dispositive issue on appeal is whether the trial court erred in ruling Diamond was entitled to judgment as a matter of law because Diamond's negligence was not the proximate cause of the Millers' damages.

■ [¶ 10] Actionable negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of duty. *Long*, 2004 ND 194, ¶ 25, 688 N.W.2d 173; *Azure*, 2004 ND 128, ¶ 9, 681 N.W.2d 816. A proximate cause is a cause that, as a natural and continuous sequence unbroken by any controlling intervening cause, produces the injury, and without it the injury would not have occurred. *Kimball v. Landeis*, 2002 ND 162, ¶ 7, 652 N.W.2d 330; *Beilke v. Coryell*, 524 N.W.2d 607, 609 (N.D.1994). The negligence of two or more parties may contribute concurrently as the proximate cause of an injury, and a person's conduct need not be the last cause nor the sole cause of an injury to be a proximate cause of the injury. *Kimball*, at ¶ 7; *Beilke*, at 609. The determination of proximate cause is generally a question of fact. *Kimball*, at ¶ 7.

[¶ 11] The trial court's decision and Diamond's argument on appeal are premised upon the fact that the Millers, after receiving Diamond's June 11, 1996, letter, did not make a second attempt to acquire the minerals under the abandoned minerals statute, N.D.C.C. ch. 38–18.1. Diamond's argument on appeal is essentially that the Millers' failure to make a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1 was an intervening cause that su-

perseded Diamond's earlier negligence and causation of damages.

[¶ 12] Viewing the evidence in the light most favorable to the Millers, the record shows Diamond affirmatively accepted a duty to assist the Millers in acquiring the disputed mineral interests under the abandoned minerals statute and breached that duty when it negligently failed to comply with the notice requirements under N.D.C.C. ch. 38–18.1. For purposes of summary judgment, the parties do not dispute that, had Diamond mailed timely notice to the Kloeckners, the Millers would have acquired the remaining fifty percent interest in May 1995. At that point the Millers suffered damages proximately caused by Diamond's negligence. Even if the Millers had later successfully acquired the minerals under N.D.C.C. ch. 38–18.1, their ownership would have commenced at a later date and they would have incurred additional expenses because of Diamond's negligence. *See* N.D.C.C. § 38–18.1–02. The Millers' injury—the failure to acquire the disputed mineral interests—was a natural consequence of Diamond's negligent failure to comply with N.D.C.C. ch. 38–18.1 and would not have occurred without Diamond's negligence. *See Kimball*, 2002 ND 162, ¶ 7, 652 N.W.2d 330; *Beilke*, 524 N.W.2d at 609. The Millers' failure to make a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1 would only extinguish Diamond's liability for its original negligence if the Millers' conduct was an intervening, superseding cause.

■ [¶ 13] To relieve a defendant of the consequences of his negligence, an intervening cause must be both independent and unforeseeable. *Stewart v. Ryan*, 520 N.W.2d 39, 48 (N.D.1994); *Champagne v. United States*, 513 N.W.2d 75, 81 (N.D.1994). The intervening negligence of another cannot be a superseding cause that extinguishes a tortfeasor's liability if

that negligence was a foreseeable consequence of the situation created by the tortfeasor. *First Trust Co. v. Scheels Hardware & Sports Shop, Inc.*, 429 N.W.2d 5, 8 (N.D.1988). The determination of whether certain conduct is a superseding, intervening cause is a question of fact. *Stewart*, at 48. Thus, in order to break the chain of causation in this case, Diamond would have to show that it was unforeseeable that the Millers would follow Diamond's advice and bring a quiet title action rather than attempt to again comply with N.D.C.C. ch. 38–18.1.

[¶ 14] Diamond's June 11, 1996, letter recommended that the Millers contact independent counsel and commence a quiet title action. Diamond did not suggest the Millers should make a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1, and the information in Diamond's letter, if true, would have precluded a second attempt under the abandoned minerals statute. Diamond stated in the letter that it had "taken protective leases from all parties." If Diamond had actually acquired leases from all parties, including the Kloeckners, those interests would be deemed to be used, not abandoned, and N.D.C.C. ch. 38–18.1 would not have applied. *See* N.D.C.C. § 38–18.1–03(4).

[¶ 15] Diamond's argument is, in essence, that it was unforeseeable that the Millers would follow the advice given in Diamond's letter and begin a quiet title action rather than make a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1. We conclude the Millers' conduct, if negligent, was "a foreseeable consequence of the situation created by" Diamond and therefore cannot be an intervening, superseding cause. *First Trust Co.*, 429 N.W.2d at 8.

[¶ 16] Rather than viewing the Millers' conduct as an intervening cause, their actions should be analyzed under the comparative fault statutes. *See* N.D.C.C. §§ 32–03.2–01 and 32–03.2–02. If the jury finds that a reasonable person in the Millers' position would have conducted further investigation, decided to ignore Diamond's advice, and made a second attempt to acquire the minerals under N.D.C.C. ch. 38–18.1, the jury could find the Millers were negligent. If the jury finds that the Millers and Diamond were each negligent or otherwise at fault for the Millers' damages, the jury must consider their relative degrees of fault and assess a percentage of fault to each of the parties. *See Champagne*, 513 N.W.2d at 79 (comparison of relative degrees of fault between parties is a question for the trier of fact). All of these questions raise genuine issues of material fact and preclude summary judgment.

[¶ 17] We conclude the trial court erred in determining Diamond's negligence was not a proximate cause of the Millers' damages, and the court therefore erred in granting summary judgment.

## IV

[¶ 18] We do not answer questions that are not necessary to the determination of an appeal. *Grand Forks County v. Tollefson*, 2004 ND 161, ¶ 22, 684 N.W.2d 646; *BTA Oil Producers v. MDU Res. Group, Inc.*, 2002 ND 55, ¶ 76, 642 N.W.2d 873. We have considered the remaining issues and arguments raised by the parties and find them unnecessary to our decision. We reverse and remand for trial.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.