2006 ND 33

**MBNA AMERICA BANK, N.A.,
Plaintiff and Appellee**

v.

**Patrick HART, Defendant
and Appellant.**

**No. 20050179.**

Supreme Court of North Dakota.

Feb. 3, 2006.

Rehearing Denied April 3, 2006.

Erin P.B. Zasada (argued), and Clifton G. Rodenburg (on brief), Johnson, Rodenburg & Lauinger, Fargo, ND, for plaintiff and appellee.

Patrick Hart, Eckelson, ND, pro se.

CROTHERS, Justice.

[¶ 1] Patrick Hart appealed from a summary judgment awarding MBNA America Bank, N.A. ("Bank") $7,381.22 and from an order denying Hart's motions to vacate the summary judgment and an arbitration award and denying his objections to the Bank's interrogatories and

garnishment disclosure requests. We conclude the district court did not err in granting the Bank's motion for summary judgment and properly denied Hart's various motions because Hart failed to timely challenge the arbitration award under the Uniform Arbitration Act, N.D.C.C. ch. 32–29.2. We affirm.

## I

[¶ 2] In July 2000 Hart transferred $9,789 in credit card debt to the Bank to obtain a 2.9 percent interest rate on the debt. According to Hart, the Bank increased the interest rate to 13.99 percent in March 2002 and to 22.98 percent in April 2002 when the balance on his account was approximately $5,230. Hart disputed the interest rate increases, and on April 26, 2002, he sent the Bank a check for $523 with a notation on the back of the check stating "Payment IN FULL OF DISPUTED Amount." The Bank cashed the check, credited Hart's account with the $523, and continued to bill him for the balance. Believing there had been a valid accord and satisfaction, Hart made no further payments.

[¶ 3] In April 2003 the Bank filed an arbitration claim on Hart's unpaid balance. Hart objected to the arbitration notices, claiming that he never agreed to arbitration. The parties submitted evidence and arguments to the arbitrator, who on September 2, 2003, issued an award in favor of the Bank and against Hart for $6,751.13.

[¶ 4] In February 2004 the Bank brought this action seeking a judgment on the arbitration award. The district court granted the Bank's motion for summary judgment in February 2005, concluding the arbitrator's decision was final because Hart had failed to timely challenge the arbitration award, and consequently, "this Court has no choice but to enter Judgment accordingly." The court granted judgment in favor of the Bank for $7,381.22 and denied Hart's subsequent motions to vacate the summary judgment, to reconsider the summary judgment, and to vacate the arbitration award. The court also denied Hart's objections to the Bank's interrogatories and garnishment disclosure requests. This appeal followed.

## II

[¶ 5] Hart contends the district court erred in granting summary judgment in favor of the Bank and in denying his post-judgment motions.

[¶ 6] Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Martin v. Berg*, 2005 ND 108, ¶ 9, 697 N.W.2d 723. Whether the court properly granted summary judgment is a question of law that we review de novo on the entire record. *Miller v. Diamond Res., Inc.*, 2005 ND 150, ¶ 8, 703 N.W.2d 316.

### A

[¶ 7] The court's role is very limited when parties have agreed to submit all contractual disputes to arbitration. *McKibben v. Grigg*, 1998 ND APP 5, ¶ 6, 582 N.W.2d 669. Because the arbitration proceeding in this case occurred in 2003, the provisions of former N.D.C.C. ch. 32–29.2 are applicable rather than the provisions of N.D.C.C. ch. 32–29.3. *See* N.D.C.C. § 32–29.3–03(3). Under N.D.C.C. § 32–29.2–11, a court must confirm an arbitration award unless specific statutory grounds are urged for vacating, modifying, or correcting the award within the time limits imposed by the Uniform Arbitration Act.

[¶ 8] The district court ruled the arbitration award was final because Hart had failed to timely challenge the award. Section 32–29.2–12, N.D.C.C., provided in relevant part:

1. On application of a party, the court shall vacate an award if:

   a. The award was procured by corruption, fraud, or other undue means;

   b. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

   c. The arbitrators exceeded their powers;

   d. The arbitrators refused to postpone the hearing after sufficient cause was shown to postpone it or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to section 32–29.2–05, as to prejudice substantially the rights of a party; or

   e. There was no arbitration agreement and the issue was not adversely determined in proceedings under section 32–29.2–02 and the party did not participate in the arbitration hearing without raising the objection.

   The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

2. An application under this section must be made within ninety days after delivery of a copy of the award to the applicant, but, if predicated upon corruption, fraud, or other undue means, it must be made within ninety days after those grounds are known or should have been known.

[¶ 9] It is well settled that a court must confirm an arbitration award upon application of any party to the award unless a party has filed a motion with the court to vacate, modify, or correct the award within 90 days after delivery of a copy of the award, or within 90 days after grounds are known or should have been known to the injured party if the motion to vacate is based on corruption, fraud, or other undue means. *See, e.g., Kutch v. State Farm Mut. Auto. Ins. Co.*, 960 P.2d 93, 97 (Colo.1998); *Seltsam v. Stein*, 950 S.W.2d 556, 557 (Mo.App.1997). The relatively short period allowed by statute for challenging an award implements the purpose of the Act "to uphold arbitration awards whenever possible and to prevent arbitration becoming another layer in the litigation process." *Springfield Teachers Ass'n v. Springfield Sch. Dirs.*, 167 Vt. 180, 705 A.2d 541, 546 (1997); *see also Kutch*, 960 P.2d at 99 ("Uniform Arbitration Act is specifically designed to limit—rather than enlarge—the role of the judiciary and to curb delay"); *Groves v. Groves*, 704 N.E.2d 1072, 1076 (Ind.App. 1999) ("time limits ensure that an award by an arbitrator will become effective and enforceable in a timely and expeditious manner"). Consequently, the failure to timely object or seek review to vacate, modify, or correct an arbitration award bars a defense on the merits in a confirmation proceeding. *See Kutch*, 960 P.2d at 99; *Springfield Teachers Ass'n*, 705 A.2d at 546–47. Absent a timely motion to vacate, modify, or correct the award, a court has no choice but to confirm the award as rendered. *See Broward County Paraprofessional Ass'n v. School Bd. of Broward County*, 406 So.2d 1252, 1253 (Fla.App. 1981).

[¶ 10] The record shows that the arbitration award was issued on September 2, 2003. Hart acknowledged in a let-

ter to the Bank's attorney that notice of the arbitration award was mailed to him on September 2, 2003, and that he sent a letter to the National Arbitration Forum objecting to the award on October 16, 2003. The National Arbitration Forum rejected Hart's objection in a letter to him dated October 30, 2003. Hart did not request that the award be vacated until he moved to dismiss the Bank's action in May 2004. Assuming for purposes of argument only that the National Arbitration Forum's response to Hart's objections commenced the running of the 90–day time period for vacating the arbitration award, *but see Groves,* 704 N.E.2d at 1076 (the 90–day time limit for petitioning a court to vacate an arbitration award is not tolled while a petition to reconsider remains pending with an arbitrator), Hart's May 2004 request to vacate the award was made far beyond the 90–day time limit. Therefore, Hart is foreclosed from arguing that the arbitration award should be vacated on the grounds enumerated in N.D.C.C. § 32–29.2–12(1)(b) through (e). The court did not err in refusing to consider Hart's arguments on the merits of the arbitration award, including his assertions that there was no valid arbitration agreement, there was evident partiality by the arbitrator, and the Bank had no valid claim against him because of an accord and satisfaction.

B

[¶ 11] Hart argues he is entitled to vacate the arbitration award under N.D.C.C. § 32–29.2–12(1)(a) on the grounds of fraud, corruption, or other undue means because his motion to vacate was filed within 90 days after he discovered the corruption, fraud, or other undue means, and therefore, this claim is timely under N.D.C.C. § 32–29.2–12(2).

[¶ 12] Because N.D.C.C. § 32–29.2–12(1)(a) of the Uniform Arbitration Act contains language almost identical to 9 U.S.C. § 10(a)(1) of the Federal Arbitration Act, courts have looked to federal law for the elements required to vacate an arbitration award on the grounds of "corruption, fraud, or other undue means." *See, e.g., Davenport v. Dimitrijevic,* 857 So.2d 957, 961 (Fla.App.2003); *Steichen v. Hensler,* 283 Wis.2d 755, 701 N.W.2d 1, 6 (2005). To merit the vacation of an arbitration award on these grounds, a party "must demonstrate (1) clear and convincing evidence of fraud, (2) that the fraud materially relates to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud during or prior to the arbitration." *International Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc.,* 335 F.3d 497, 503 (6th Cir.2003); *see also Gingiss Int'l, Inc. v. Bormet,* 58 F.3d 328, 333 (7th Cir.1995); *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir.1988). A party to an arbitration proceeding cannot wait until the award is made and then complain about something that could have been questioned or discovered during the process. *See Arkansas Dep't of Parks and Tourism v. Resort Managers, Inc.,* 294 Ark. 255, 743 S.W.2d 389, 392 (1988).

[¶ 13] In his first motion to dismiss filed on May 17, 2004, Hart alleged that the arbitration award was obtained by "undue means" because the National Arbitration Forum "[i]gnored my rights to object to the arbitration proceedings and demand a participatory hearing if that objection was overturned." Hart again alleged the arbitration award was obtained by "undue means" in his motions to vacate filed after the trial court granted the Bank's summary judgment motion in February 2005. Hart alleged his motions were timely because he "only became aware [on February 15, 2005] that the

failure, reluctance, and refusal to disclose personal interest and financial relationships was a direct violation of the Uniform Arbitration Act." For the reasons discussed below, Hart would have had knowledge of these allegations at the time of the arbitration proceedings.

[¶ 14] On March 8, 2005, Hart moved again to vacate the arbitration award and the summary judgment alleging that "the award was procured by fraudulent, corrupt and undue means." Hart contended he did not learn of the fraud until he received a copy of the entire arbitration file from the National Arbitration Forum on March 3, 2005. Hart argued that the Bank committed fraud by submitting billing records to the arbitrator which showed an amount of Hart's credit card debt before the amount was charged off to $0 on his account when the Bank referred the debt to collection. However, the record shows Hart must have had copies of the Bank's billing records which showed the balance both before and after the Bank charged off his debt, because Hart complained about the discrepancy between "a zero balance and pay of 5463.47" in documents filed with the court and dated October 22, 2004.

[¶ 15] The district court denied Hart's motions, reasoning:

> In support of his arguments, the defendant claims newly discovered evidence in the form of certain letters and exhibits attached to his motions. In order for the Court to consider "new discovered evidence" that evidence must generally not have been available to the defendant at the time of hearing. It is

this Court's belief from the exhibits presented that they are not new but were available to or in the possession of the defendant shortly after the dates on those documents and certainly at the time of the hearing on the motion for summary judgment.

[¶ 16] We agree with the court's reasoning. Because Hart was aware of the charge off, and because Hart should have known that the Bank had submitted pre-charge off documents to the arbitrator to establish the amount of the debt, he should have known of the alleged grounds for relief for corruption, fraud, or other undue means more than 90 days before March 2005. Therefore, we conclude Hart's attempts to vacate the arbitration award were untimely.

### III

[¶ 17] The summary judgment and order denying Hart's post-judgment motions are affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., DONOVAN JOHN FOUGHTY, D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 19] The Honorable DONOVAN JOHN FOUGHTY, D.J., sitting in place of KAPSNER, J., disqualified.