Filed 3/25/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 68

Kenneth Loper, Plaintiff and Appellant

v.

William Adams, Defendant and Appellee

No. 20100101

Appeal from the District Court of Kidder County, South Central Judicial District, the Honorable Gail H. Hagerty, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Rudra Tamm, 222 North 4th Street, Bismarck, N.D. 58501, for plaintiff and appellant.

Scott Kenneth Porsborg, P.O. Box 460, Bismarck, N.D. 58502-0460, and David Ray Phillips (appeared), P.O. Box 1855, Bismarck, N.D. 58502-1855, for defendant and appellee.

Loper v. Adams

No. 20100101

Maring, Justice.

[¶1] Kenneth Loper appealed from a district court summary judgment dismissing his negligence action against William Adams.  We reverse and remand, concluding that: (1) the district court did not abuse its discretion in excluding Loper’s expert witness and denying Loper’s motion for an enlargement of time to disclose his expert witness; but (2) genuine issues of material fact remain and the district court therefore erred in granting summary judgment.

I

[¶2] Loper was employed as a ranch hand by Adams.  On May 16, 2005, Loper was assisting with branding and vaccination of calves when, on two separate occasions, calves got loose in the cattle chute and struck Loper in the back, knocking him to the ground.  Loper did not seek medical attention on that date, but testified in his deposition that his back was sore, his legs were weak, and he had difficulty moving.  Although he continued working the week after the May 16 incidents, he continued to suffer pain and weakness in his back and legs.

[¶3] On May 23, 2005, Loper went to a pasture to check the cows.  He testified that, as he turned to close a gate, he twisted his trunk and heard something pop in his lower back.  Loper fell to the ground, felt pain in his lower back, and temporarily lost feeling in his legs.  He used his cell phone to summon help and was taken to the hospital by ambulance.  An MRI conducted at the hospital revealed a disc rupture at L5-S1.

[¶4] Loper sued Adams for negligent supervision and negligent maintenance of the workplace, alleging that his back was injured when he was struck by the calves in the cattle chute on May 16, 2005.  Loper does not claim Adams was negligent or liable based upon the incident with the gate on May 23, 2005.
(footnote: 1)
[¶5] On February 14, 2008, Adams served interrogatories, including an interrogatory asking Loper to identify any expert witnesses he expected to call at trial.  On March 20, 2008, Loper responded: “Experts have not been selected.”  On July 1, 2009, with a scheduled September 14, 2009, trial date pending and with no supplementation of Loper’s interrogatory response, Adams moved for summary judgment, arguing Loper had failed to present any expert medical evidence establishing that his injuries and resultant damages were causally related to the calf incident.  Loper’s counsel initially submitted an affidavit indicating that Dr. Ralph Dunnigan, Loper’s treating neurologist, would testify as an expert witness, but at the hearing on the summary judgment motion Loper’s counsel indicated it had not been decided whether Dr. Dunnigan would testify.

[¶6] By order dated September 2, 2009, the district court denied the summary judgment motion, continued the trial, and directed the parties to agree to a scheduling order to complete discovery.  The parties thereafter stipulated that Loper would disclose his expert witnesses by November 15, 2009, and Adams would disclose his experts, including an independent medical examination of Loper, by January 15, 2010.  The court adopted the stipulation as its scheduling order and trial was set to begin March 24, 2010.

[¶7] The November 15, 2009, and January 15, 2010, deadlines passed without Loper disclosing a medical expert, updating his interrogatory response, or otherwise advising opposing counsel or the court of an intent to call a medical expert witness at the upcoming trial.  On January 27, 2010, Adams filed a renewed motion for summary judgment, again arguing that Loper had failed to present expert testimony demonstrating that his injuries were causally related to the calf incident as opposed to the gate incident.  On February 10, 2010, Loper’s counsel e-mailed an expert report by Dr. Dunnigan to Adams’s counsel.  Adams moved to exclude Dr. Dunnigan’s report and to exclude expert testimony by Dr. Dunnigan at trial.  Loper then filed a motion for enlargement of time to disclose his expert witness and for a continuance of the trial. The district court determined that Loper’s failure to timely disclose Dr. Dunnigan as an expert witness was not due to excusable neglect and his testimony and report would therefore be excluded.  The court further held that, without expert medical testimony showing that Loper’s injuries were caused by the calf incident, Loper could not carry his burden of proof on causation.  The court therefore granted summary judgment dismissing Loper’s action.

II

[¶8] Loper contends that the district court erred in refusing to grant his motion for an enlargement of time to disclose his expert witness and for a continuance of the trial, and in excluding Dr. Dunnigan’s testimony and report.

[¶9] We have outlined the district court’s broad discretionary authority and our limited scope of review in such cases:

The decision to admit expert testimony rests within the discretion of the district court and will not be reversed in the absence of a showing of abuse of discretion.  We also will not reverse a district court’s decision to deny a continuance absent an abuse of discretion by the court.  A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process.

Clark v. Clark
, 2006 ND 182, ¶ 7, 721 N.W.2d 6 (citations omitted).

[¶10] In February 2008, Adams had served interrogatories asking Loper to identify any expert witnesses he intended to call at trial.  Loper responded: “Experts have not been selected.”  Under N.D.R.Civ.P. 26(e)(1)(B), Loper had an ongoing duty to seasonably supplement that response by providing the identity of any expert witness and the subject matter and substance of the witness’s testimony.  Loper failed to do so.  Under these circumstances, the “district court has discretionary authority in determining appropriate sanctions for a party’s failure to timely supplement interrogatories by disclosing the identity of an expert witness and the substance of the expert’s testimony,” including exclusion of the expert’s testimony.  
Clark
, 2006 ND 182, ¶¶ 8, 10, 721 N.W.2d 6.

[¶11] In addition to the general duty to seasonably supplement his interrogatory response under the rules, Loper had expressly stipulated that he would disclose his expert witnesses by November 15, 2009, and the court adopted the stipulation as its scheduling order.  The stipulation and scheduling order resulted from the court’s prior order denying Adams’s motion for summary judgment and continuing the trial date.  The district court in that order cautioned Loper that expert medical testimony would be necessary to establish causation, and that the purpose of the continuance was to allow completion of discovery and disclosure of witnesses.  Despite having two months between the time of the court’s September 14, 2009, scheduling order and the November 15 due date, Loper did not identify a medical expert or provide the substance of the expert’s testimony by the deadline.  In fact, Loper provided no indication that he intended to call a medical expert witness until February 10, 2010, after all discovery deadlines had passed and Adams had renewed his motion for summary judgment based upon Loper’s failure to provide expert medical evidence of causation.

[¶12] Loper acknowledges that the disclosure of Dr. Dunnigan as an expert witness was untimely, but argues that the failure to disclose was the result of excusable neglect and that the district court therefore should have granted his motion for enlargement of time under N.D.R.Civ.P. 6(b).  Rule 6(b) provides:

When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if a request for enlargement is made before expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect . . . .

Because Loper’s motion for enlargement of time came after the original deadline had passed, Loper had the burden to demonstrate that his failure to timely disclose was the result of excusable neglect.  
Alerus Fin., N.A. v. Lamb
, 2003 ND 158, ¶ 8, 670 N.W.2d 351.  Under Rule 6(b), the district court has broad discretion in determining whether to allow additional time.  
Alerus Fin.
, at ¶ 9.

[¶13] In support of his motion for enlargement of time, Loper submitted an affidavit of counsel indicating he had first requested a medical opinion from Dr. Dunnigan in 2006, but it was decided to delay the report until Loper reached maximum medical improvement.  Counsel’s affidavit continued:

7.  In subsequent years, despite repeated requests from this office, Dr. Dunnigan delayed in writing a report regarding Mr. Loper.

8.  One reason for the delay has been waiting for Mr. Loper to reach maximum medical improvement.  The other reason has been Dr. Dunnigan’s heavy workload.

The district court determined that Loper had failed to establish excusable neglect, and concluded that Loper had adequate time to disclose his expert witness within the deadlines set in the scheduling order.  The court therefore denied the motion for enlargement of time and for a continuance.

[¶14] Loper’s purported reasons for failing to timely disclose Dr. Dunnigan are either conclusory or irrelevant, and the district court did not abuse its discretion in determining Loper had failed to establish excusable neglect under N.D.R.Civ.P. 6(b)(2).  Dr. Dunnigan’s report, when finally issued, did not address maximum medical improvement.  Furthermore, Loper provided no specifics or supporting documentation regarding efforts made to secure a report from Dr. Dunnigan or the nature and extent of Dr. Dunnigan’s alleged “heavy workload.”

[¶15] Loper complains that there was nothing more he could do and he was “powerless to prevent the delay.”  Even if Dr. Dunnigan was not responding to counsel’s requests for a report, however, Loper could have at least advised the court and opposing counsel of the difficulty and requested enlargement of time before the November 15 deadline.  In addition, if Dr. Dunnigan was not responding to “repeated requests” from counsel over “subsequent years” to provide the report, and with discovery deadlines and a trial date approaching, Loper could have sought a different medical expert.  Loper instead did nothing, and allowed all of the discovery deadlines to pass without giving any indication he intended to call an expert medical witness.

[¶16] Although we have recognized that exclusion of a witness is a “drastic measure,” 
Dewitz by Nuestel v. Emery
, 508 N.W.2d 334, 340 (N.D. 1993), and that the preferred remedy for late disclosure is generally a continuance rather than exclusion of expert testimony, 
Clark
, 2006 ND 182, ¶ 10, 721 N.W.2d 6, we cannot conclude that the district court abused its discretion in this case.  The district court had already continued the trial once to allow completion of discovery and disclosure of expert witnesses, and Loper expressly stipulated to the November 15 deadline.  Loper did not provide a detailed or persuasive explanation for his failure to timely disclose by that date.  Loper’s ultimate disclosure of Dr. Dunnigan’s opinion came nearly three months after the agreed-upon deadline, and only weeks before trial.  The purpose behind the rules requiring timely disclosure of expert witnesses is to eliminate surprise and allow the opposing party an opportunity to meet the evidence at trial.  
Clark
, at ¶ 8; 
Dewitz
, at 339.  When disclosure comes this late, and the opposing party would need to engage an opposing expert to counter the evidence at trial, the opposing party has been prejudiced.  Under these circumstances, the district court’s decision was not arbitrary, unreasonable, or unconscionable, and the court did not abuse its discretion in denying Loper’s motion for an enlargement of time and a continuance and in excluding Dr. Dunnigan’s testimony and report.

III

[¶17] Loper contends that, even if Dr. Dunnigan’s testimony and report were properly excluded, the district court nevertheless erred in granting summary judgment dismissing his negligence action against Adams.

[¶18] Although the parties have not argued this issue using the language “superseding, intervening cause,” the substantive basis of Adams’s arguments is essentially that the gate incident was a superseding, intervening cause and Adams is therefore relieved of any liability he may have had for the calf incident.  As characterized by Adams in his brief on appeal, “Adams filed Defendant’s Renewed Motion For Summary Judgment, again arguing Loper had not established by expert testimony to a reasonable degree of medical certainty that his alleged injuries are causally related to the subject incidents, as opposed to the later incident with the gate.”  In effect, Adams takes an all-or-nothing approach, contending Loper’s injuries were caused exclusively by the intervening gate incident, and the gate incident therefore supersedes any negligence on his part in the earlier calf incident.

[¶19] We address this issue within the context of our standards for reviewing a district court’s grant of summary judgment:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

Brown v. Montana-Dakota Utils., Co.
, 2011 ND 38, ¶ 3 (quoting 
Missouri Breaks, LLC v. Burns
, 2010 ND 221, ¶ 8, 791 N.W.2d 33).

[¶20] To relieve a defendant of the consequences of his negligence, an intervening cause must be both independent and unforeseeable.  
Miller v. Diamond Res., Inc.
, 2005 ND 150, ¶ 13, 703 N.W.2d 316; 
Stewart v. Ryan
, 520 N.W.2d 39, 48 (N.D. 1994); 
Champagne v. United States
, 513 N.W.2d 75, 81 (N.D. 1994).  The intervening negligence of another cannot be a superseding cause which extinguishes a tortfeasor’s liability if that negligence was a foreseeable consequence of the situation created by the tortfeasor.  
Miller
, at ¶ 13; 
First Trust Co. v. Scheels Hardware & Sports Shop, Inc.
, 429 N.W.2d 5, 8 (N.D. 1988).  The intervening cause must be one which severs the connection of cause and effect between the original negligent act and the injury.  
Lang v. Wonnenberg
, 455 N.W.2d 832, 837 (N.D. 1990).  The party alleging that he is relieved from liability for his negligence by an intervening cause bears the burden of establishing the existence of a superseding, intervening cause.  
See
 
Miller
, at ¶ 13 (in order to break the chain of causation, the defendant must show there was an unforeseeable intervening cause); 
cf.
 
Grinnell Mut. Reinsurance Co. v. Lynne
, 2004 ND 166, ¶ 27, 686 N.W.2d 118 (in insurance coverage dispute, party claiming damage was caused by an independent or intervening act had burden under summary judgment standards to show existence of a genuine issue of material fact on whether an intervening act, rather than his negligence, caused damage).

[¶21] The determination whether certain conduct is a superseding, intervening cause is a question of fact.  
Miller
, 2005 ND 150, ¶ 13, 703 N.W.2d 316; 
Stewart
, 520 N.W.2d at 48.  As the party moving for summary judgment, Adams had the burden of showing that there were no genuine issues of material fact.  
Brown
, 2011 ND 38, ¶ 3; 
Missouri Breaks
, 2010 ND 221, ¶ 8, 791 N.W.2d 33.  Only when the evidence is such that reasoning minds could draw but one conclusion does a fact question become a question of law for which summary judgment may be appropriate.  
Irish Oil & Gas, Inc. v. Riemer
, 2011 ND 22, ¶ 23; 
Long v. Jaszczak
, 2004 ND 194, ¶ 17, 688 N.W.2d 173.

[¶22] Viewing the evidence in the light most favorable to Loper as the party opposing summary judgment, and giving him the benefit of all favorable inferences which can reasonably be drawn from the record, we conclude that genuine issues of material fact remain on the issue of whether the gate incident was an independent and unforeseeable occurrence constituting a superseding, intervening cause which would relieve Adams of liability for his alleged negligence in the calf incident.  We therefore conclude that the district court erred in granting summary judgment dismissing Loper’s negligence action against Adams.

IV

[¶23] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  We conclude the district court did not abuse its discretion in excluding Loper’s expert witness and denying Loper’s motion for enlargement of time to disclose his expert witness, but the court erred in granting summary judgment dismissing Loper’s negligence action against Adams.  We therefore reverse the judgment and remand for further proceedings.

[¶24] Mary Muehlen Maring

Carol Ronning Kapsner

Daniel J. Crothers

Steven E. McCullough, D.J.

Gerald W. VandeWalle, C.J.

[¶25] The Honorable Steven E. McCullough, D.J., sitting in place of Sandstrom, J., disqualified.

FOOTNOTES
1:
For the sake of brevity, we will refer to the May 16th incident as “the calf incident” and the May 23rd incident as “the gate incident.”