2014 ND 92

**Jim KOST, Plaintiff and Appellee**

**v.**

**Allen M. KRAFT, Defendant and Appellant.**

**No. 20130232.**

Supreme Court of North Dakota.

May 2, 2014.

Derrick L. Braaten (argued) and Caitlin C. Lock Coomes (appeared), Bismarck, N.D. for plaintiff and appellee.

Thomas M. Jackson, Bismarck, N.D. for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Allen Kraft appeals from a district court judgment dissolving a partnership and dismissing his counterclaim seeking damages for breach of an oral agreement. We affirm, concluding the district court did not err in refusing to instruct the jury on the equitable theories of unjust enrichment or quantum meruit and did not abuse its discretion in granting a motion in limine precluding evidence or argument of unjust enrichment or quantum meruit.

I

[¶ 2] Kraft and Jim Kost operated a custom combining partnership. They ceased doing business as a partnership in early 2003, but continued to share equipment and work in 2003 and 2004. In 2008, Kost sued Kraft to formally dissolve the partnership. Kraft counterclaimed for breach of contract, alleging that after the partnership was terminated in 2003, Kost had orally agreed to lease some of Kraft's combining equipment in 2003 and 2004. Kraft alleged Kost owed $150,000 under the oral lease. Kraft also claimed that the parties had entered into an oral agreement for Kraft to do certain work for Kost in 2005, and that Kost owed him $10,000 for the work.

[¶ 3] The district court granted summary judgment dismissing Kraft's counterclaim. The remaining claims were tried to a jury, and judgment was entered dissolving the partnership and distributing proceeds from an auction sale of certain equipment. Kraft appealed from the judgment, challenging the dismissal of his counterclaim. This Court reversed the judgment and remanded for further proceedings, concluding that disputed issues of material fact remained about application of the statute of frauds to the claimed oral agreements. *See Kost v. Kraft*, 2011 ND 69, 795 N.W.2d 712.

[¶ 4] On remand, Kraft submitted a pretrial brief raising the equitable issue of quantum meruit. In response, Kost filed a motion in limine requesting that the district court exclude all evidence or argument regarding quantum meruit or unjust enrichment. The district court granted the motion by written order, stating:

> Jim Kost has requested the Court exclude evidence relating to a claim for Quantum Meruit or unjust enrichment. I have reviewed all of the pleadings in this matter, and Allen Kraft has not stated a claim for Quantum Meruit or unjust enrichment. At this point in the litigation, it would not be reasonable to expect to add a claim. This matter was remanded by the Supreme Court with clear directions concerning the issues to be tried.

The breach of contract issues raised in Kraft's counterclaim were tried to a jury, which found Kraft had not proved he suffered damages from any breach of the oral contract.

[¶ 5] The district court subsequently granted Kraft's motion for a new trial on the basis of irregularities in the proceedings. Kost again filed a motion in limine, and the district court reaffirmed its prior ruling precluding consideration of unjust enrichment or quantum meruit. Upon retrial of the counterclaim issues, the jury found there was an oral agreement between the parties, but Kraft had failed to prove that Kost had breached the agreement. Judgment was entered dismissing Kraft's counterclaim.

## II

[¶ 6] Kraft has appealed, and has phrased the issues on appeal as whether the district court erred "by Not Including the Jury Instruction on Unjust Enrichment" and "by Not Including the Jury Instruction on Quantum Meruit."

[¶ 7] We are somewhat perplexed by Kraft's contention that the issues of unjust enrichment and quantum meruit should have been submitted to the jury. Unjust enrichment and quantum meruit are purely equitable principles which would generally be tried to the court. *E.g., Hayden v. Medcenter One, Inc.,* 2013 ND 46, ¶¶ 14, 22, 828 N.W.2d 775. There is no right to a jury trial in an equitable proceeding absent express constitutional or statutory authorization. *Oliver–Mercer Elec. Coop., Inc. v. Davis,* 2004 ND 86, ¶ 8, 678 N.W.2d 757; *Murphy v. Murphy,* 1999 ND 118, ¶ 10, 595 N.W.2d 571. Although a trial court in its discretion may submit factual questions in an equitable action to an advisory jury, *see, e.g., Sargent Cnty. Bank v. Wentworth,* 500 N.W.2d 862, 872 (N.D.1993), there is no indication in the record that Kraft requested an advisory jury. When both legal and equitable claims are presented, the usual

procedure is to first try the legal issues to the jury, reserving the equitable issues to be resolved later by the court. *See Schumacher v. Schumacher,* 469 N.W.2d 793, 799 (N.D.1991); *Landers v. Goetz,* 264 N.W.2d 459, 463 (N.D.1978). The district court did not err in refusing to instruct the jury on unjust enrichment and quantum meruit.

[¶ 8] Even if we treat Kraft's appeal as a general challenge to the district court's order excluding evidence or argument regarding unjust enrichment or quantum meruit, we find no reversible error. Kraft never pled unjust enrichment or quantum meruit in his counterclaim, and merely raised those theories in a pretrial brief. Kraft never moved to amend his counterclaim to add a claim for unjust enrichment or quantum meruit. Kost responded with a motion in limine alleging Kraft was attempting to add a new cause of action, and the court, noting Kraft had not pled unjust enrichment or quantum meruit, concluded it would not be reasonable at that point in the litigation to add a new claim.

[¶ 9] We review a district court's decision on a motion in limine for an abuse of discretion. *M.M. v. Fargo Pub. Sch. Dist. No. 1,* 2010 ND 102, ¶ 21, 783 N.W.2d 806. A court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *E.g., Wald v. Holmes,* 2013 ND 212, ¶ 18, 839 N.W.2d 820. We conclude the district court did not abuse its discretion in granting the motion in limine precluding evidence or argument regarding unjust enrichment or quantum meruit.

## III

[¶ 10] We have considered the remaining issues and arguments raised by the

parties and find them to be either unnecessary to our decision or without merit. The judgment is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. HERAUF, D.J., LISA FAIR McEVERS, and DANIEL J. CROTHERS, JJ., concur.

[¶ 12] The Honorable WILLIAM A. HERAUF, D.J., sitting in place of SANDSTROM, J., disqualified.