Filed 10/3/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 177

State of North Dakota, Plaintiff and Appellee

v.

Blaine Douglas Ellis, Defendant and Appellant

No. 20000006

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Lori S. Mickelson (argued) and Wade L. Webb (appeared), Assistant State’s Attorneys, Courthouse, 211 9th Street South, P.O. Box 2806, Fargo, N.D. 58108-2806, for plaintiff and appellee.

Brian W. Nelson and Mark T. Blumer (argued) of Nelson, Blumer & Johnson, PLLP, 111 South 9th Street, Fargo, N.D. 58103-1831, for defendant and appellant.

State v. Ellis

No. 20000006

Sandstrom, Justice.

[¶1] Blaine Douglas Ellis appeals his conviction of reckless endangerment.  Concluding the district court did not abuse its discretion by denying a change of venue, or wrongly refuse to transcribe the questioning of prospective jurors, we affirm the conviction.

 

I

[¶2] Ellis was convicted by a jury of reckless endangerment, a class C felony, for driving an automobile into David Erickson.  Prior to trial, Ellis moved for change of venue.  Ellis alleged substantial pre-trial publicity due to an unrelated attempted murder charge against him.  After a hearing, the district court denied the motion, and the case proceeded to trial.

[¶3] A jury found Ellis guilty as charged.  The district court denied Ellis’ motion for a new trial.  Ellis appeals, alleging he requested transcription of the voir dire and the district court denied the request, and arguing the district court abused its discretion in denying the change of venue and violated his due process rights by refusing to transcribe voir dire.

[¶4] The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29-28-06.

 

II

[¶5] Ellis claims the district court erred in failing to transcribe the voir dire examination of the jury panel.  We recently ruled on a similar assertion of error in failing to transcribe voir dire.  
State v. Entzi
, 2000 ND 148, 615 N.W.2d 145.  In 
Entzi
, the defendant claimed he was entitled to a new trial because voir dire was not conducted on the record and a transcript of jury selection was unavailable.  
Id.
 at ¶ 3.  We stated:

We have specifically addressed nonevidentiary proceedings, and have held one must request recording.  
Fenske v. Fenske
, 542 N.W.2d 98 (N.D. 1996) (holding failure to record closing arguments was not reversible error when the complaining party did not request recording or object to the lack of recording); 
State v. Kunkel
, 366 N.W.2d 799 (N.D. 1985) (stating parties who want events recorded must request the court reporter to record them); 
State v. Rougemont
, 340 N.W.2d 47 (N.D. 1983) (holding failure to record voir dire and arguments of counsel is not per se reversible error).

Id.
 at ¶ 6 (footnote omitted).  We concluded that failure to transcribe voir dire did not entitle the defendant to a new trial.  
Id.
 at ¶ 8.

[¶6] The record does not establish Ellis’ claim that the district court denied his alleged request for transcription of voir dire.  The district court’s order denying Ellis’ motion for new trial states:

The defendant did not request on the record that voir dire be recorded.  The Court noted nothing unusual during the voir dire process.  The defendant did not object at any time during the voir dire process.  The defendant was given ample opportunity to question jurors.  A number of jurors were excused for cause.  The defendant also passed for cause.

[¶7] Ellis’ only support for his assertion of reversible error is his claim that defense counsel had in fact requested the voir dire be transcribed.  Ellis’ counsel concedes that any request for transcription was not made on the record.

[¶8] The facts of this case are similar to those of 
Entzi
.  In 
Entzi
, the defendant did not request transcription.  
Id.
 at ¶ 5.  The 
Entzi
 trial court stated, “Whether jury selection would be recorded was not referred to or discussed in any way by either party or the court.”  
Id.
  Here the district court stated, “The defendant did not request on the record that voir dire be recorded.”  Because Ellis failed to make a request on the record for transcription of voir dire, he is not entitled to a new trial based on allegations the voir dire was not recorded.

 

III

[¶9] Ellis argues the district court abused its discretion in denying his motion for a change of venue.

[¶10] A motion for change of venue is within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion.  
State v. Norman
, 507 N.W.2d 522, 526 (N.D. 1993) (citing 
State v. Purdy
, 491 N.W.2d 402 (N.D. 1992)).  “While there are some cases in which prejudice to the defendant is so clear that a change of venue should be ordered promptly, generally voir dire examination is an appropriate occasion to determine whether it is possible to select a fair and impartial jury.”  
Id.
 (citing 
State v. Leidholm
, 334 N.W.2d 811 (N.D. 1983)).

[¶11] A defendant has the burden of showing “a reasonable likelihood of prejudice so pervasive that a fair and impartial jury could not be found.”  
State v. Austin
, 520 N.W.2d 564, 566 (N.D. 1994) (citing 
State v. Engel
, 289 N.W.2d 204, 207 (N.D. 1980); Rule 21, N.D.R.Crim.P., Explanatory Note).  “The ultimate question for the court to decide is whether it is impossible to select a fair and impartial jury.”  
Id.

[¶12] We have identified eight factors to evaluate selection of a fair and impartial jury:

(1) whether the publicity was recent, widespread, and highly damaging to the defendant; (2) whether the prosecution was responsible for dissemination of the objectionable material; (3) the extent of inconvenience to the prosecution; (4) whether a substantially better panel could be sworn elsewhere; (5) the nature and gravity of the offense; (6) the size of the community; (7) the defendant’s status in the community; and (8) the popularity and prominence of the victim.

Austin
, 520 N.W.2d at 566 (citing 
Purdy
, 491 N.W.2d at 406-07 (citations omitted)); 
see also
 
Olson v. North Dakota District Court
, 271 N.W.2d 574, 580 (N.D. 1978); Rule 21, N.D.R.Crim.P., Explanatory Note.

[¶13] The district court, in considering Ellis’ motion for a new trial, concluded the defendant failed to meet the burden necessary to change venue as announced in 
Austin
, 520 N.W.2d 564.

[¶14] The district court’s findings on the motion for change of venue were:

There is no information relating to any pretrial publicity as to this particular case.  There’s no allegation that the state was responsible for any dissemination of any objectionable material.  There would be additional expense to the county and to the prosecution moving the case.  Cass County is the largest county in the state and the jury pool is the largest.  It’s not alleged that the Defendant or the victim have prominent status in the community.  Considering those and the other factors in 
State vs. Austin
, the Court makes the determination that the Motion for Change of Venue is not meritorious and the Defendant’s motion is denied.

The district court made specific findings under 
Austin
.  Because there is no record of the voir dire, we decline to presume a fair and impartial jury was not empaneled.  Further, counsel for Ellis conceded at oral argument that a request for change of venue was not renewed following voir dire.  Generally, a change of venue is inappropriate before voir dire examination, and a defendant believing, based on comments by members of the jury panel during the voir dire, that an impartial jury cannot be or has not been selected must renew a motion of change of venue at that time.  
See
 
Norman
, 507 N.W.2d at 526; 
Leidholm
, 334 N.W.2d at 822.

[¶15] The post-trial findings of the district court reflect Ellis failed to meet his burden under 
Austin
.  Because of these specific findings, and without a record, we will not presume a fair and impartial jury was not empaneled.  We therefore conclude the district court did not abuse its discretion in denying Ellis’ motion for change of venue.

 

IV

[¶16] The criminal judgment and commitment of the district court is affirmed.

[¶17] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.