2001 ND 84

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Blaine Douglas ELLIS, Defendant and Appellant.**

**No. 20000092.**

Supreme Court of North Dakota.

May 1, 2001.

Wade L. Webb (argued), and Lori S. Mickelson (appeared), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Mark T. Blumer (argued), Kevin M. Miller (appeared), and Brian W. Nelson (on brief), Nelson, Blumer & Johnson, P.L.L.P., Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Blaine Douglas Ellis appealed from a conviction entered upon a jury verdict finding him guilty of attempted murder. We hold the trial court did not abuse its discretion in denying Ellis' pretrial motion for change of venue, the court did not err in denying his request for a jury instruction on aggravated assault, and the court did not err in considering a prior conviction which was pending appeal when sentencing Ellis. We affirm.

I

[¶ 2] Ellis was charged in Cass County with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) for attempting to knowingly or intentionally cause the death of another person by inflicting blunt force trauma to the head of the victim. Before trial, Ellis moved for a change of venue, alleging extensive media coverage and publicity about him and the victim prevented a fair and impartial jury from being impaneled in Cass County. The trial court denied Ellis' pretrial motion. At trial, the court denied Ellis' request for a jury instruction on aggravated assault. A jury found Ellis guilty of attempted murder, and he appealed.

II

[¶ 3] Ellis argues the trial court abused its discretion in denying his motion for a change of venue. He argues pretrial publicity about the case was so widespread and damaging that it warranted a change of venue from Cass County.

[¶ 4] Under N.D.R.Crim.P. 21(a), the trial court shall transfer venue of a criminal action if the court finds there exists in the county in which the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial. A defendant seeking a change of venue under N.D.R.Crim.P. 21(a) must establish a reasonable likelihood of prejudice so pervasive that a fair and impartial jury cannot be selected in the county of original venue. *State v. Erickstad*, 2000 ND 202, ¶ 7, 620 N.W.2d 136; *State v. Austin*, 520 N.W.2d 564, 566 (N.D.1994). The trial court ultimately must decide whether it is impossible to select a fair and impartial jury in the county of original venue. *Erickstad*, at ¶ 7. Although prejudice to a defendant may be so obvious that a change of venue may be ordered immediately, generally a trial court should wait until voir dire to determine whether it is possible to select a fair and impartial jury. *Erickstad*, at ¶ 10; *State v. Ellis*, 2000 ND 177, ¶ 10, 617 N.W.2d 472. A motion for change of venue is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion prejudicial to the defendant. *Erickstad*, at ¶ 7; *Ellis* at ¶ 10.

[¶ 5]   In *Austin*, 520 N.W.2d at 566, we identified eight factors to guide a trial court in ruling on a motion for a change of venue under N.D.R.Crim.P. 21(a): (1) whether publicity was recent, widespread, and highly damaging to the defendant; (2) whether the prosecution was responsible for dissemination of the objectionable material; (3) the extent of inconvenience to the prosecution; (4) whether a substantially better panel could be sworn elsewhere; (5) the nature and gravity of the offense; (6) the size of the community; (7) the defendant's status in the community; and (8) the popularity and prominence of the victim. *See also Ellis*, 2000 ND 177, ¶ 12, 617 N.W.2d 472.

[¶ 6]   Publicity per se is not necessarily prejudicial or damaging to a criminal defendant. Before a change of venue because of pretrial publicity is proper, a defendant must show the publicity was in fact prejudicial. *Erickstad*, 2000 ND 202, ¶ 8, 620 N.W.2d 136; *Austin*, 520 N.W.2d at 567. The quantity of media coverage does not control a motion for change of venue; rather, the defendant must show there was prejudicial publicity which caused such bias that it would be impossible to select .a fair and impartial jury. *Erickstad*, at ¶ 9.

[¶ 7]   Here, Ellis' pretrial motion for a change of venue was supported only by arguments of his counsel. There .was no showing the media disseminated inadmissible, illegally obtained, or otherwise prejudicial information, or the coverage was sensationalized, inflammatory, or biased. *See Erickstad*, 2000 ND 202, ¶ 9, 620 N.W.2d 136. Ellis presented no evidence, such as qualified public opinion surveys or opinion testimony by individuals. *See Erickstad*, at ¶ 9; *Austin*, 520 N.W.2d at 566–67. Rather, at the hearing on the motion, defense counsel merely alleged, without providing evidence or proof, that

media coverage had so prejudiced Ellis that it was unlikely he would be able to receive a fair and impartial trial in Cass County.

[¶ 8]   Relying on *Austin*, the trial court denied Ellis' pretrial motion for change of venue, concluding:

A defendant seeking a change of venue under Rule 21(a) bears the burden of demonstrating a reasonable likelihood of prejudice so pervasive that fair and impartial jurors could not be found. The ultimate question for the Court to decide is whether it is impossible to select a fair and impartial jury. On this matter the defendant bears the burden of proof and must demonstrate prejudice and bias.

On the evidence presented to the Court and on the eight factors listed in *State v. Austin*, it's the determination of the Court that although there has been media coverage of this particular trial, the defendant has not demonstrated such prejudice and bias to the extent that would allow the Court to rule that selecting a fair and impartial jury in Cass County is impossible.

The mere fact that there's been media coverage is not a basis for a change of venue. There have been two previous juries selected in other unrelated cases relating to this defendant. In one case the defendant was acquitted. In the other case the jury selection was not out of the ordinary by any means for the type of charge involved. And there were no problems unique to this case as far as [ ] selecting a jury in that particular matter.

[¶ 9]   During voir dire, counsel for Ellis and the State extensively questioned prospective jurors regarding their ability to be fair and impartial. A review of the jury selection reflects several prospective jurors indicated they had heard about the case; however, nothing in the record sup-

ports Ellis' claim it was impossible to select a fair and impartial jury, and Ellis did not renew his motion for a change of venue after voir dire. A defendant must renew a motion for change of venue if the defendant believes comments by potential jurors during voir dire establish that an impartial jury could not be selected. *Erickstad*, 2000 ND 202, ¶ 10, 620 N.W.2d 136; *Ellis*, 2000 ND 177, ¶ 14, 617 N.W.2d 472. Ellis has failed to establish the pretrial publicity in this case created bias and prejudice in the community making it impossible to select a fair and impartial jury. Under these circumstances, we cannot say the trial court abused its discretion in denying his pretrial motion for a change of venue.

### III

[¶ 10] Ellis argues the trial court abused its discretion in refusing to instruct the jury on the offense of aggravated assault. He argues aggravated assault is a lesser included offense of attempted murder and evidence presented at trial required the court to instruct the jury on aggravated assault.

[¶ 11] We apply a two-step process to decide whether a defendant is entitled to an instruction on a claimed lesser included offense. *State v. Carlson*, 1997 ND 7, ¶ 34, 559 N.W.2d 802. First, the offense must be a lesser included offense of the offense charged, and second, there must be evidence which creates a reasonable doubt as to the greater offense, but supports a conviction of the lesser included offense beyond a reasonable doubt. *Id.* A lesser offense is necessarily included in a greater offense if it is impossible to commit the greater offense without committing the lesser offense. *Id.*, at ¶ 35. Section 12.1–01–04(15), N.D.C.C., defines an "included offense" as an offense "[w]hich is established by proof of the same or less than all the facts required to establish commission of the offense charged."

[¶ 12] Ellis was charged with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a). Section 12.1–06–01, N.D.C.C., provides, in part:

1. A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

. . . .

3. Criminal attempt is an offense of the same class as the offense attempted, except that (a) an attempt to commit a class AA felony is a class A felony and an attempt to commit a class A felony is a class B felony;

Section 12.1–16–01(1) N.D.C.C., provides:

1. A person is guilty of murder, a class AA felony, if the person:

   a. Intentionally or knowingly causes the death of another human being;

Section 12.1–17–02, N.D.C.C., says a person is guilty of aggravated assault if that person

1. Willfully causes serious bodily injury to another human being;

2. Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury;

3. Causes bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being; or

4. Fires a firearm or hurls a destructive device at another human being.

[¶ 13] In *State v. Sheldon*, 301 N.W.2d 604, 610 (N.D.1980), this Court said:

Aggravated assault under subsections 1, 2, and 3 of § 12.1–17–02, N.D.C.C., is not a lesser included offense to the offense of attempted murder because the elements necessary to prove commission of the offenses differ. Aggravated assault, except under subsection 4 of § 12.1–17–02, N.D.C.C., requires that a bodily injury be suffered by the victim of the offense. On the other hand, "criminal attempt" as defined in § 12.1–06–01(1), N.D.C.C., requires that the actor engage in a substantial step toward commission of the crime. The offense of attempted murder does not require that the victim of the offense suffer a bodily injury. Although a substantial step toward commission of the crime may well involve a bodily injury, it is clear that the elements of proof involved in the offenses of aggravated assault under subsections 1, 2, and 3 of § 12.1–17–02, N.D.C.C., and attempted murder differ, but not as to subsection 4 of § 12.1–17–02, N.D.C.C. This variance of proof, except as to subsection 4 of § 12.1–17–02, is fatal to the categorization of aggravated assault as a lesser included offense of attempted murder. However, aggravated assault under subsection 4 of § 12.1–17–02 can be a lesser included offense of attempted murder.

[¶ 14] Here, the trial court denied Ellis's request for an instruction on aggravated assault:

The Supreme Court of North Dakota in *State v. Sheldon* has said that aggravated assault under those three potential circumstances or situations is not a lesser included offense of attempted murder because the elements necessary to prove the offenses differ. The Supreme Court in *Sheldon* did say that there is a potential for a lesser included under subsection (4) of the statute defining aggravated assault, which would involve firing a firearm of hurling a destructive device at another human being.

On the evidence presented in this case, the Court finds that that instruction would not apply. On the evidence presented to the Court under the circumstances of this case, the requested instruction for aggravated assault would fall under categories one, two and three and by law is not a lesser included offense.

[¶ 15] Under *Sheldon* and the first step of our process for deciding whether a defendant is entitled to an instruction on a claimed lesser included offense, aggravated assault is not a lesser included offense of attempted murder because, except for N.D.C.C. § 12.1–17–02(4) which involves firing a firearm or hurling a destructive device at another human being, it is possible to commit the greater offense of attempted murder without committing aggravated assault. The offense of attempted murder requires the defendant to take a substantial step toward committing the crime of attempting to intentionally or knowingly cause the death of another and does not require the victim to suffer bodily injury. Aggravated assault under N.D.C.C. § 12.1–17–02(1), (2), and (3), however, requires the victim to suffer bodily injury.

[¶ 16] The attempted murder charge against Ellis did not allege he fired a firearm or hurled a destructive device at the victim. Rather, Ellis was charged with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) for attempting to intentionally or knowingly cause the death of another person by inflicting blunt force trauma to the head of the victim. The State was required to

prove Ellis intentionally engaged in conduct which constituted a substantial step toward the commission of the crime of knowingly and intentionally causing the death of another person and was not necessarily required to prove the victim suffered a bodily injury. Under *Sheldon* and our jurisprudence for lesser included offenses, we conclude the trial court did not err in refusing to give an instruction on aggravated assault.

## IV

[¶ 17] Ellis argues the trial court erred in sentencing him because it considered a prior reckless endangerment conviction which was pending appeal during the sentencing proceeding. At the sentencing hearing, the trial court considered several factors in sentencing Ellis, including his prior criminal history, his failure to lead a law-abiding life, his demonstration of a callous disregard for the lives of others in this case, and a previous felony conviction which was subsequently affirmed on appeal. *See Ellis*, 2000 ND 177, 617 N.W.2d 472.

[¶ 18] Under N.D.C.C. § 12.1–32–04, a trial court may consider a number of factors when determining a sentence, including the defendant's history of criminal activity. A sentencing court should acquire a thorough acquaintance with the character and history of the defendant, and the court's decision should include favorable and unfavorable information. *City of Dickinson v. Mueller*, 261

N.W.2d 787, 793 (N.D.1977). A defendant's prior criminal activity, particularly activity closely related to the crime at hand, is relevant to sentencing. *Id.* In *Mueller*, at 792–94, we said a pending charge is the type of information a sentencing court may consider in sentencing a defendant. *See also State v. Ballensky*, 1998 ND 197, ¶¶ 17–18, 586 N.W.2d 163.

[¶ 19] Ellis's reliance on the definition of conviction under Title 39, N.D.C.C., relating to motor vehicles, is misplaced. *See* N.D.C.C. § 39–06–30.[1] The definition of a conviction for purposes of the reporting requirements of Title 39, N.D.C.C., deals with the timing of reports of convictions to the appropriate licensing authority for purposes of license suspensions and revocations and does not define a conviction for purposes of sentencing a defendant under Title 12.1, N.D.C.C. *See Holen v. Hjelle*, 396 N.W.2d 290, 293 (N.D.1986) (stating purpose of N.D.C.C. §§ 39–02–27 and 39–06–30 is to deal with timing of reports of convictions to licensing authority).

[¶ 20] We conclude in sentencing Ellis the trial court properly considered a criminal conviction which was pending appeal during the sentencing hearing.

## V

[¶ 21] Ellis argues the trial court erred in not giving a curative instruction about testimony regarding a bat found by law enforcement officers. He argues the State's solicitation of testimony regarding

---

1. Section 39–06–30, N.D.C.C., provides:
   Conviction—Meaning and effect. For purposes of this title the term "conviction" means a final order or judgment of conviction by the North Dakota supreme court or any lower court having jurisdiction provided that no appeal is pending and the time for filing a notice of appeal has elapsed. Subject to the filing of an appeal, a conviction includes those instances when:

   1. A sentence is imposed and suspended;
   2. Imposition of a sentence is deferred under subsection 4 of section 12.1–32–02; or
   3. There is a forfeiture of bail or collateral deposited to secure a defendant's appearance in court and the forfeiture has not been vacated.

the bat was improper prosecutorial conduct.

[¶ 22] At trial, on cross examination of investigator Dean Wawers, defense counsel asked whether the police found a bat and its location. The State had not previously questioned Wawers about the bat. On redirect, the State attempted to clarify the question that defense counsel asked regarding the bat. Defense counsel objected, and the court heard argument from counsel outside the presence of the jury. The court sustained Ellis' objection and instructed the jury: "The defendant's objection has been sustained. The jury will disregard the last answer of the witness. It has been ordered stricken." When excepting to the court's proposed jury instructions prior to closing arguments, Ellis did not ask for any further curative instructions regarding testimony about the bat.

[¶ 23] A jury is generally presumed to follow instructions given by the trial court, and an instruction to disregard certain evidence is generally sufficient to remove improper prejudice. *See State v. Welch*, 426 N.W.2d 550, 553 (N.D.1988). The trial court's curative instruction was sufficient, and we conclude the court did not err in not giving a further unrequested curative instruction regarding Wawers' testimony about the bat.

VI

[¶ 24] We affirm Ellis' conviction.

[¶ 25] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.