2014 ND 170

Faith KRUEGER, Plaintiff, Appellant
and Cross–Appellee

v.

GRAND FORKS COUNTY, Defendant,
Appellee and Cross–Appellant.

No. 20130372.

Supreme Court of North Dakota.

Aug. 28, 2014.

Timothy C. Lamb, Grand Forks, N.D., for plaintiff, appellant and cross-appellee.

Howard D. Swanson, Grand Forks, N.D., for defendant, appellee and cross-appellant.

SANDSTROM, Justice.

[¶ 1]   After a jury trial, Faith Krueger appeals and Grand Forks County cross-appeals from a judgment in favor of the County in Krueger's action for breach of fiduciary duty, negligence, trespass to chattel, conversion, intentional infliction of emotional distress, and negligent supervision of a public administrator.   Krueger raises issues about the district court's denial of her motion to compel discovery, the denial of her motion for a continuance, the denial of her claim for damages for mental anguish, evidentiary rulings, jury instructions, and statements by counsel during closing arguments.   We affirm.

I

[¶ 2]   In July 2012, Krueger sued the County for breach of fiduciary duty, negligence, trespass to chattel, conversion, intentional infliction of emotional distress, and negligent supervision.   Krueger alleged she lost over $300,000 in property and assets after Barbara Zavala, the Grand Forks County Public Administrator, was appointed her guardian and conservator.   Krueger claimed the County was liable for Zavala's actions under N.D.C.C. § 32–12.1–03 because Zavala was a county employee.

[¶ 3]   In May 2013, Krueger moved to compel discovery, alleging Debbie Nelson, the Grand Forks County Auditor, provided numerous requested documents at her deposition but failed to produce a September 19, 2011, letter she wrote to Grand Forks Police Department Detective Mike Flannery regarding concerns about Zavala and her assistant, Cathi Westensee–Fisk.   Krueger also alleged the County failed to produce its employee handbook, personnel and employment records for Zavala and Westensee–Fisk, and correspondence about coverage from the state bonding

fund for claims related to Zavala and Westensee–Fisk.

[¶ 4] After a hearing, the district court denied Krueger's motion to compel, finding most of the documents were either provided or were never requested. The court further found Krueger was entitled to the letter from Nelson to Flannery, that Nelson admitted during her deposition that she possessed the letter, and that Nelson agreed to have the letter delivered after she reviewed her deposition. The court found Krueger's motion to compel lacked certification that an effort was made to resolve the discovery issues without court action as required by N.D.R.Civ.P. 37(a)(1), and Krueger made no effort to obtain a copy of Nelson's letter to Flannery after Nelson's deposition and before making the motion to compel. The court found the motion to compel discovery of the letter was moot because Krueger has received the letter, and the court awarded the County attorney's fees.

[¶ 5] In June 2013, the County moved for summary judgment. The County argued it could not be held vicariously liable for Zavala's acts because Zavala was appointed public administrator by the district court, the court exercised authority over specific appointments and activities related to the appointment, and the County did not have any authority to supervise, oversee, or control Zavala's conduct while she was acting as Krueger's guardian or conservator. The County also argued Krueger could not establish the required elements for her negligence, trespass to chattel, conversion, intentional infliction of emotional distress, and negligent supervision claims.

[¶ 6] The district court granted the County's motion in part and denied it in part. The court ruled the County could be held vicariously liable for Zavala's acts or omissions under N.D.C.C. § 32–12.1–03 because Zavala was a county employee or officer as defined by N.D.C.C. § 32–12.1–02(3). The court denied the County's motion for summary judgment on the claims for breach of fiduciary duty, negligence, trespass to chattel, and conversion, but dismissed the claims for intentional infliction of emotional distress and negligent supervision.

[¶ 7] On September 1, 2013, Krueger moved to continue for 90 days the jury trial scheduled for September 10, 2013. Krueger argued a companion case against the County was recently tried involving Zavala and Westensee–Fisk, there were developments in that case affecting Krueger's case, there was not enough time to prepare for this case because the two cases were being tried so close together, and the media coverage for the companion case may have tainted the jury panel. The court denied the motion, stating the parties were aware the cases would be scheduled close together and any potential tainting of the jury panel would not require a continuance. The court also advised that the parties and the court would have to be vigilant about possible tainting of the jury panel and informed Krueger that she could inquire about potential juror's familiarity with the other case and a mistrial could be declared if the entire panel was tainted.

[¶ 8] On September 5, 2013, the County moved to exclude the admission of any evidence at trial regarding emotional distress and mental anguish and to bar any claims for non-economic damages resulting from mental anguish or emotional distress. The County argued Krueger failed to produce any discovery about any claims for damages for emotional distress or mental anguish and indicated in answering interrogatories that she was not claiming non-economic damages, until she supplemented her responses to the interrogatories on September 3, 2013, and indicated she in-

tended to claim damages for mental anguish. The County argued Krueger failed to produce any evidence or disclose any information about the claimed damages and it did not have information to adequately defend against any claims.

[¶ 9] The court granted the County's motion to exclude the evidence and ordered the non-economic damages claims would not be allowed. The court found Krueger did not indicate non-economic damages were being sought until six days before the trial, the reason for Krueger's delay in advising the County of her decision to seek non-economic damages could not be considered excusable neglect, it was too late for the County to file a motion to compel, and the County was prejudiced by the late disclosure.

[¶ 10] After a jury trial on September 10–12, 2013, the jury found Zavala breached a fiduciary duty, was negligent, and converted Krueger's property, but found Zavala's conduct was not the proximate cause of Krueger's damages. The jury also found Zavala did not commit a trespass to chattels. The court entered a judgment dismissing Krueger's claims on the merits.

[¶ 11] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

■ [¶ 12] Krueger argues the district court abused its discretion by denying her motion to compel discovery. Krueger claims the court's decision was partially based on a lack of certification under N.D.R.Civ.P. 37(a)(1), but she argues the subpoena duces tecum for Nelson's deposition satisfied the certification requirement

and the court abused its discretion by ruling the motion lacked certification.

■ [¶ 13] The district court has broad discretion regarding the scope of discovery, and the court's discovery decisions will not be reversed on appeal unless the court abuses its discretion. *Lynch v. New Pub. Sch. Dist. No. 8*, 2012 ND 88, ¶ 23, 816 N.W.2d 53. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* " 'An abuse of discretion by the district court is never assumed, and the burden is on the party seeking relief affirmatively to establish it.' " *Id.* (quoting *Leno v. K & L Homes, Inc.*, 2011 ND 171, ¶ 23, 803 N.W.2d 543). The party seeking relief must show that the court positively abused its discretion and not that the court made a "poor" decision. *Lynch*, at ¶ 23.

[¶ 14] Rule 37, N.D.R.Civ.P., provides procedural requirements for a party moving to compel discovery, and states:

On notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

N.D.R.Civ.P. 37(a)(1).

[¶ 15] In denying Krueger's motion to compel, the court considered the certification requirement and found:

A clear certification as contained in the rule was required. It was not made. I must conclude it was not made because no effort was made to resolve this in the manner required of the certification language.... I conclude that from all of

the claims made by the plaintiff in her motion to compel discovery, she was entitled only to the letter sent by Debbie Nelson to Detective Flannery. However, I must conclude that with the absence of the certification required by Rule 37(a)(1), no effort was made to obtain this document after it was requested and representations were made it would be delivered after the deposition of Debbie Nelson and prior to making this motion. In light of that, it is appropriate to give little apportionment to the plaintiff in awarding attorney's fees.

The court found Krueger's attorney currently had possession of the letter and ordered that Krueger's motion to compel discovery for the letter was made moot by her attorney's receipt of the letter. The court denied Krueger's other requests for relief and awarded the County $3,000 in attorney's fees.

[¶ 16]  Krueger contends the subpoena duces tecum and other affidavits were sufficient to meet the certification requirement. In support of the motion to compel, Krueger filed affidavits from her attorney containing examples of alleged discovery violations and documents that were allegedly requested but were not produced. She also filed a copy of a subpoena duces tecum for Nelson, requesting Nelson appear for a deposition and requesting certain documents. The plain language of N.D.R.Civ.P. 37(a)(1) requires the motion to compel include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make discovery in an effort to obtain it without court intervention. Krueger's motion and supporting documents do not contain the required certification. The court did not act in an arbitrary or unreasonable manner, and it did not misinterpret or misapply the law. We conclude the court did not abuse its discretion in denying the motion to compel discovery.

### III

[¶ 17]  Krueger argues the district court erred in denying her motion for a continuance. "The district court has broad discretion over the progress and conduct of a trial, and the determination whether to grant a continuance lies within the sound discretion of the district court." *Rickert v. Dakota Sanitation Plus, Inc.*, 2012 ND 37, ¶ 31, 812 N.W.2d 413. A court's decision to deny a motion for continuance will not be reversed on appeal unless the court abused its discretion. *Id.* The appealing party must also show prejudice resulted from the court's denial of the motion. *See Glass v. Glass*, 2011 ND 145, ¶ 27, 800 N.W.2d 691.

[¶ 18]  Krueger claims the court erred in denying her request for a continuance because the trial in a companion case was held shortly before the trial in her case, the two cases involved similar claims against the County related to Zavala, the jury found in favor of the County in the companion case, and the media coverage of that case prejudiced her case. She contends she was unable to receive a fair trial because the publicity of the companion case prejudiced the jurors.

[¶ 19]  The district court expressed its concern that potential jurors could be familiar with the prior case but stated a continuance was not the appropriate remedy and other precautions could be taken, including inquiring about potential jurors' familiarity with the other case, questioning potential jurors about the other case outside the presence of other potential jurors to prevent disclosure to the entire jury panel, and declaring a mistrial if the entire jury panel was tainted. Krueger did not provide any evidence about the publicity related to the other case, and she has not

provided any evidence or made any argument that the jury panel was actually tainted. The court stated that other precautions would be taken to ensure Krueger received a fair trial. There is no record of the jury voir dire in this case, and we will not presume the empaneled jury was not fair and impartial. *See State v. Ellis*, 2000 ND 177, ¶ 14, 617 N.W.2d 472. Krueger did not establish that she was prejudiced by the court's decision to deny her motion for a continuance, and we conclude the court did not abuse its discretion in denying her motion.

## IV

[¶ 20] Krueger argues the district court erred in excluding evidence at trial, including Nelson's letter to Flannery, letters from the North Dakota Insurance Department about denial of coverage from the State Bonding Fund, notice of a county personnel committee meeting to discuss Zavala's termination, testimony from District Court Judge Joel Medd, and testimony from Assistant State's Attorney Haley Wamstad.

[¶ 21] A district court has broad discretion over evidentiary matters, and its decision to admit or exclude evidence will not be reversed on appeal unless the court abuses its discretion. *Schwab v. Zajac*, 2012 ND 239, ¶ 19, 823 N.W.2d 737. The party seeking relief has the burden to affirmatively establish an abuse of discretion. *Forbes Equity Exch., Inc. v. Jensen*, 2014 ND 11, ¶ 23, 841 N.W.2d 759. A party may not claim the court erred in excluding evidence unless the error affects the party's substantial rights. N.D.R.Ev. 103(a).

### A

■ [¶ 22] Krueger argues the court abused its discretion in denying the admission into evidence of letters from the

North Dakota Insurance Department regarding its decision denying the County coverage from the State Bonding Fund for claims related to acts Zavala and Westensee–Fisk allegedly committed. Krueger claims the evidence was relevant because the letters were evidence of the County's control over its employees, and proved there was agency and the scope of employment.

[¶ 23] The court excluded the letters, ruling:

[T]he bond, be it a fidelity bond or any other kind of bond, is akin to an insurance policy, and except for reasons that might be for some other purpose, it is not appropriate to allow it into evidence here, and I have made that ruling. It is not admissible into evidence, and I am not compelled by your argument that it should be offered for some other reason, because all of those reasons either are moot or they are not relevant in the way you frame your argument.

The court further ruled evidence about the bond was not evidence of the scope of employment and Zavala's duties, the bond describes what coverages are available, a public administrator's duties are set out by statute and are not set out by the bond, the County already conceded that Zavala was an employee, and the jury will not have to decide whether the County had the authority to supervise Zavala.

[¶ 24] Rule 411, N.D.R.Ev., governs the admission of evidence related to liability insurance, and states:

Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Krueger argues the evidence was admissible under N.D.R.Ev. 411 to prove agency, ownership, or control.

[¶ 25] The district court found the evidence was not relevant, because the court had already determined as a matter of law that Zavala was a county employee and officer. In partially denying the County's motion for summary judgment, the court found as a matter of law that Zavala was a county employee and the County could be held liable for her actions. The jury did not decide whether Zavala was a county employee. The court also found the evidence was not relevant to determine the scope of the public administrator's duties, because the duties are governed by statute. The court did not abuse its discretion in refusing to admit the letters into evidence.

B

[¶ 26] Krueger argues the district court abused its discretion by excluding Assistant State's Attorney Wamstad's testimony. Before trial, Krueger argued Wamstad's testimony was admissible because she was investigating the allegations in this case, she had knowledge of facts related to a "scheme," and her testimony could corroborate other testimony. The court quashed Wamstad's subpoena, concluding Wamstad did not have independent knowledge about the case, any knowledge she had was based upon her participation as an attorney for the County, and any communications between attorney and client were protected by attorney-client privilege, including attorney work product.

[¶ 27] Krueger argues the court erred in excluding Wamstad's testimony, because Wamstad was never listed as an attorney of record on the court's docket in this case and therefore there was no evidence she has an attorney-client relationship with the County. An attorney does not have to be listed as an attorney of record in the court docket for attorney-client privilege to exist. See N.D.R.Ev. 502 (general rule of privilege and definitions of "lawyer" and "client"). Krueger offered no other argument for admitting Wamstad's testimony. We conclude the court did not abuse its discretion in excluding Wamstad's testimony.

C

[¶ 28] Krueger argues the district court abused its discretion in excluding Judge Medd's testimony. She contends his testimony was relevant because he could testify about the court's role in supervising the public administrator, the court's role in reviewing and approving the conservator's report, and the court's role in matters related to her estate.

[¶ 29] The district court quashed Judge Medd's subpoena and excluded his testimony, concluding any testimony used to substantiate or corroborate that Judge Medd executed a particular order would be duplicative and unnecessary. The court also said it was concerned that testimony about a judge's general practices could involve expert testimony or an inquiry into legal issues. The court found the testimony could potentially confuse the jury and create additional undue delay. The court also ordered that Krueger could revisit the issue and have an opportunity to reinstate the subpoena for rebuttal evidence depending upon evidence presented by the County. Krueger did not raise this issue again during trial. We conclude the court did not act in an arbitrary, unreasonable, or unconscionable manner, and the court did not abuse its discretion in excluding the testimony of Judge Medd. Because we conclude the court did not abuse its discretion in excluding Judge Medd's testimony on these grounds, we do not need to decide whether it would have been appropriate

for Judge Medd to have been called as a witness at all.

## D

[¶ 30] Krueger also argues the court erred in excluding other key pieces of evidence, including Nelson's letter to Flannery and notice to Zavala of a committee meeting to discuss her termination. Krueger included these items in her appellate brief in a list of key pieces of evidence she claimed the court erred in excluding, but she did not provide any argument or explanation about how the court abused its discretion by excluding this evidence. We do not consider issues that are not adequately articulated, supported, and briefed. *Higginbotham v. Workforce Safety and Ins.*, 2014 ND 147, ¶ 14, 849 N.W.2d 233; *Smestad v. Harris*, 2011 ND 91, ¶ 5, 796 N.W.2d 662. Krueger's unsupported claims about that evidence are without merit.

## V

[¶ 31] Krueger argues the district court abused its discretion by denying her claim for damages for mental anguish. She claims mental anguish does not need to be alleged, the jury has wide discretion in awarding these damages, and the court's decision to exclude her evidence about mental anguish prejudiced her right to a fair trial.

[¶ 32] The County moved to exclude any evidence of non-economic damages, arguing Krueger initially represented she would not be seeking any non-economic damages, but she supplemented answers to interrogatories after discovery was completed to seek damages for mental anguish. The County claimed it was prejudiced by Krueger's failure to disclose her claim for non-economic damages because the County had no opportunity to prepare to respond to evidence related to the claim, no discovery was provided, and the County did not have sufficient knowledge or information to adequately defend against the claim.

[¶ 33] The court granted the County's motion to exclude the evidence and ordered any claims for non-economic damages would not be allowed. The court found the County inquired about non-economic damages in its interrogatories, Krueger gave no indication non-economic damages were being sought, the County requested Krueger supplement her interrogatories and Krueger responded that there were no supplemental answers to provide, and Krueger indicated six days before the trial and after discovery deadlines had expired that she was seeking non-economic damages. The court further explained:

> The reasons given by the plaintiff for essentially setting out this 180–degree turn in their position and responses is not based upon what can be considered excusable neglect. To the contrary, it appears that well before the deadline to respond but more importantly well before the time to seasonally respond and supplement their answers to interrogatories, any evidence that the plaintiff may have had was such that they should have given the kinds of responses that they now claim in their most recent supplemental answers. Under these circumstances, this Court is not required to impose on the party who has not received the supplemental answers in a timely fashion to first make some kind of motion to compel discovery. It is simply too late in the game for that to happen. The very purpose of discovery is to one, avoid surprise; and two, allow all of the parties to be able to meet the evidence that the other side is presenting at trial. I am of the conclusion that by what I deem to be an unseasonable

response or supplementation [to the County's interrogatories] that they have been prejudiced. It is quite understandable that by giving such a late response—and not only is it a late response, but it is: It's a 180–degree turn in the representations you affirmatively made prior to September 3rd. They are prejudiced....

[¶ 34] A court has discretion in deciding appropriate sanctions for failure to timely supplement interrogatories, and the court's decision will not be reversed on appeal absent an abuse of discretion. *See Peek v. Berning*, 2001 ND 34, ¶ 25, 622 N.W.2d 186. Under N.D.R.Civ.P. 26(e)(1), a party has a duty to timely supplement its responses:

A party who has responded to an interrogatory, request for production, or request for admission, must supplement or correct its response:

(A) in a timely manner if the party learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing; or

(B) as ordered by the court.

The court has discretion to determine timeliness; however, the supplemental response must be made a reasonable time before trial, considering the purpose of the rule is to eliminate surprise at trial. *Peek*, at ¶ 25.

[¶ 35] In her responses to the County's interrogatories, Krueger initially indicated she was not seeking non-economic damages. She did not supplement or correct her responses and disclose that she was planning to seek non-economic damages until six days before trial. The court excluded the evidence and prohibited any claims for non-economic damages after finding the supplemental response was not

timely and the County was prejudiced by the delay. We conclude the court's decision is not unreasonable or arbitrary and the court did not abuse its discretion.

## VI

[¶ 36] Krueger argues she is entitled to a new trial because the jury was not correctly instructed on the definition of "proximate cause." Jury instructions must fairly and correctly advise the jury of the applicable law. *M.M. v. Fargo Pub. Sch. Dist. No. 1*, 2010 ND 102, ¶ 24, 783 N.W.2d 806. "A 'district court is not required to instruct the jury in the exact language sought by a party if the court's instructions correctly and adequately inform the jury of the applicable law.'" *Id.* (quoting *Grager v. Schudar*, 2009 ND 140, ¶ 6, 770 N.W.2d 692). We review jury instructions as a whole and determine whether they correctly advise the jury of the law. *M.M.*, at ¶ 24.

[¶ 37] The jury instructions included a definition of "proximate cause" stating, "A proximate cause is a cause which, in natural and continuous sequence, produces the injury, and without which, the injury would not have occurred. It is a cause which had a substantial part in bringing about the injury either immediately or through events which follow one another." The jury was given an eleven question special verdict form, requiring them to answer individual questions about whether Zavala breached a fiduciary duty owed to Krueger, Zavala was negligent in a duty owed to Krueger, Zavala committed a trespass to chattels or Krueger's personal property, or Zavala converted Krueger's property. If the jury found Zavala breached a fiduciary duty, was negligent, committed trespass to chattels, or committed conversion, the jury was required to decide whether her actions were the proximate cause of Krueger's damages. If the jury found Zavala's ac-

tions were the proximate cause of Krueger's damages for any of the claims, the jury was required to determine whether Zavala was acting within the scope of her employment with the County and to allocate fault for Krueger's damages. The jury found Zavala breached a fiduciary duty owed to Krueger, was negligent in a duty owed to Krueger, and converted Krueger's property; however, the jury found Zavala's wrongful acts were not the proximate cause of Krueger's damages and was not required to answer any other questions.

[¶ 38] Krueger contends the instructions did not correctly advise the jury of the law because the instruction defining proximate cause is used in personal injury cases, the use of the words "natural and continuous sequence" are misleading in this case, and a "but for" test would have been more appropriate. This Court has held, " 'A proximate cause is a cause which, in natural and continuous sequence, produces the injury and without which the injury would not have occurred.' " *Perius v. Nodak Mut. Ins. Co.*, 2010 ND 80, ¶ 13, 782 N.W.2d 355 (quoting *Klimple v. Bahl*, 2007 ND 13, ¶ 5, 727 N.W.2d 256); *see also Beckler v. Bismarck Pub. Sch. Dist.*, 2006 ND 58, ¶ 13, 711 N.W.2d 172. Although this definition is often used in personal injury cases, it is also used in other types of cases. *See Miller v. Diamond Res., Inc.*, 2005 ND 150, ¶¶ 10–12, 703 N.W.2d 316 (applying proximate cause definition in a negligence action related to acquiring ownership of mineral interests). The court's proximate cause jury instruction is consistent with language used in our prior cases. Other than conclusory assertions, Krueger has not cited any authority or explained why the district court's instruction did not correctly inform the jury of the law. We conclude the jury instructions fairly and adequately informed the jury of the applicable law.

[¶ 39] Krueger also claims the questions on the special verdict form implied that Zavala was the sole cause of Krueger's damages, but there was evidence presented at trial that Westensee–Fisk also contributed to the misappropriation of her estate. To the extent Krueger argues there were errors on the special verdict form, she did not object to the form and waived any argument. *See* N.D.R.Civ.P. 49(a)(3); *Moen v. Thomas*, 2004 ND 132, ¶ 15, 682 N.W.2d 738 (when a party fails to object to a special verdict form that omits questions on which evidence has been presented, the party has waived these issues).

## VII

[¶ 40] Krueger argues the County's attorney made prejudicial remarks to the jury during closing arguments, including inflammatory references to her mental state based on statements taken out of context in documents from her psychiatrists and guardian ad litem. She contends letters or notes from her doctor were admitted during the trial but were not used until closing argument to prejudice her credibility. She claims the statements were so prejudicial she is entitled to a new trial.

[¶ 41] "The scope and substance of opening and closing arguments are subject to control by the district court, and we will not reverse a district court's decision absent an abuse of discretion." *City of Bismarck v. Mariner Constr., Inc.*, 2006 ND 108, ¶ 25, 714 N.W.2d 484. An attorney must refrain from making potentially prejudicial statements or remarks during closing argument. *Blessum v. Shelver*, 1997 ND 152, ¶ 32, 567 N.W.2d 844. However, counsel generally must make a timely objection to an improper argument and request the court give a curative instruction to the jury. *Id.* at

¶ 30. The failure to object waives the improper argument, except " 'when the misconduct of counsel is so severe that it affects that party's substantial rights or constitutes a denial of a fair trial, thereby placing an independent duty upon the court to confine the attorney to the permissible bounds of argument, where necessary, and admonish the jury.' " *Id.* (quoting *Andrews v. O'Hearn*, 387 N.W.2d 716, 731 (N.D.1986)).

[¶ 42] Krueger contends the County's attorney made inflammatory remarks to the jury based upon reference to documents from her psychiatrist and guardian ad litem, without their consent, and without proper foundation and the ability to cross-examine the evidence. She claims the County's attorney used inflammatory words to describe her mental state, including "deteriorated faculties," "hallucinations and delusions," "memory problems," "psychiatric problems," and "blatantly psychotic." The record reflects the County's attorney used these words in quoting statements contained in documents that were admitted into evidence without objection. Furthermore, Krueger's attorney did not object to any of the allegedly prejudicial statements made during closing argument, and the district court was not given an opportunity to take any corrective action. Krueger waived her argument that the statements were improper, and any improper comments were not so serious as to deprive Krueger of a fair trial. We conclude the court did not abuse its discretion.

## VIII

[¶ 43] The County cross-appealed, arguing the district court erred in its interpretation of "employee" for purposes of vicarious liability under N.D.C.C. § 32-12.1-03(1). The County contends Zavala was not an employee as defined by statute and it could not be held vicariously liable for her actions. However, we do not answer questions that are unnecessary to the determination of the outcome of the appeal. *Miller*, 2005 ND 150, ¶ 18, 703 N.W.2d 316. Because we affirm the judgment entered in favor of the County, we will not address the arguments raised in the County's cross-appeal.

## IX

[¶ 44] We have considered all remaining issues or arguments, and we conclude they are either unnecessary to our decision or without merit. We affirm the judgment.

[¶ 45] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 46] I agree with and have signed the opinion authored for the Court by Justice Sandstrom. I write separately to note that I have grave doubts a party to a lawsuit can subpoena a judge to testify to matters other than those the judge has observed as an eyewitness to a particular incident. Krueger's contention that the judge could testify about the court's role in supervising the public administrator, the court's role in reviewing the conservator's report, and the court's role in matters related to her estate is antithetical to the role and duties of a judge under the North Dakota Code of Judicial Conduct. In my opinion, it would have been appropriate to summarily quash the subpoena for Judge Medd.

[¶ 47] Gerald W. VandeWalle, C.J.